53 F.3d 342
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 In re: Elwood Leslie NIELSEN and Lynn Nielsen, Debtors.
Elwood L. NIELSEN and Lynn Nielsen, Appellants,
v.
Ray WESTERGARD, d/b/a "Grant Thornton," a corporation,
Trustee, Appellee.
 No. 94-4187.
 United States Court of Appeals, Tenth Circuit.
 April 27, 1995.
 
 Before ANDERSON, BALDOCK and BRORBY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Pro se debtors, Elwood Nielsen and Lynn Nielsen, filed for bankruptcy in the United States Bankruptcy Court for the District of Utah, Central Division. The bankruptcy court appointed the accounting firm of Grant Thornton as trustee in the Chapter 11 proceedings, which were subsequently converted to Chapter 7 proceedings.
 
 
 3
 The Nielsens filed an application with the State of Utah for registration of the assumed business name of "Grant Thornton." After unsuccessfully trying to resolve conflicts with the Nielsens, Grant Thornton, the Trustee, petitioned the bankruptcy court to issue an order requiring the Nielsens to relinquish any claim or interest in the use of the business name "Grant Thornton." The bankruptcy court granted this petition and ordered the Nielsens to "execute and deliver any and all necessary and appropriate papers to the Division of Corporations and Commercial Code of the Utah Department of Commerce." The Nielsens did not execute or deliver the papers to effectuate the Bankruptcy Court's order. Instead, they filed a complaint in Utah State Court claiming rights to the business name "Grant Thornton." Thus, the Bankruptcy Court ordered the Nielsens to show cause why they should not be adjudged in civil contempt of the Bankruptcy Court. After a hearing, the Bankruptcy Court found Mr. Nielsen in contempt of court. The Bankruptcy Court ordered Mr. Nielsen to pay $10,000 to the Trustee, Grant Thornton, and an additional $5,000 per week for each following week that Mr. Nielsen has not complied with the earlier order concerning the use of the name "Grant Thornton."
 
 
 4
 The Nielsens appealed the contempt order to the district court. The district court affirmed the contempt order of $10,000 but vacated the additional $5,000 weekly fine. They now appeal to the Tenth Circuit Court of Appeals.
 
 
 5
 The Nielsens' appeal brief is incoherent. Besides alleging a broad conspiracy against them, it is unclear what their legal argument is with respect to the validity of the contempt order and the district court's review of that order.
 
 
 6
 Whether the Bankruptcy Court properly exercised its authority to issue a civil contempt order is subject to de novo review. Bartmann v. Maverick Tube Corp., 853 F.2d 1540, 1543 (10th Cir.1988). Because Trustee Thornton does not cross-appeal the district court's decision to abandon the $5,000 weekly fine, we will not review the district court's conclusion to vacate that penalty. Instead, we focus on the propriety of the $10,000 contempt order.
 
 
 7
 For a party to be held in civil contempt, a court must find the party violated a specific and definite court order and the party had notice of the order. See In re Skinner, 917 F.2d 444, 449 (10th Cir.1990). Here, there was a specific order that the Nielsens violated. Also, the Bankruptcy Court took the effort to determine that the Nielsens had sufficient notice of the original order through a Constable's Return of Service. We find no error with the Bankruptcy Court's use of civil penalties.
 
 
 8
 Accordingly, we AFFIRM the district court's order.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470